# Richmond.

## R. F. Dyer and J. H. Moorefield v. Virginia Railway and Power Company.

### January 20, 1927.

1. State Corporation Commission—*Public Utilities—Grant of Increase of Rates—Revaluation—Case at Bar.*—In the instant case a railway and power company filed its petition with the State Corporation Commission, praying for an increase in certain rates on an interurban division of the railway. Appellants, as interested citizens, intervened and assigned as error, to a final order of the Commission granting the increases, that the Commission erred in overruling their motion for a revaluation, appraisal and inventory of the property of the company. The property had been appraised by the Commission about one year before, and there were no substantial additions to the property or changes in the interval.

     *Held:* That the Commission judiciously exercised its discretion in refusing the revaluation.

2. State Corporation Commission—*Public Utilities—Rate Fixing—Revaluation.*—In order for the Commission to be justified in making a revaluation, as distinguished from an original valuation, it would be necessary for the party asking for same to show, at least *prima facie*, a situation justifying the delay, expense and incident inconvenience, or the Commission would have to be satisfied from some source that under all the circumstances a revaluation should be made in order to do justice to all parties concerned, and especially to the general public.

3. State Corporation Commission—*Public Utilities—Fixing Rates—Increase of Rates—Burden of Proof.*—On petition by a public utility for an increase of rates the burden is upon the company to show the propriety of such increase.

4. State Corporation Commission—*Public Utilities—Increase of Rates— Case at Bar.*—In the instant case, an application for increase of rates by an interurban railroad, the railroad showed that the rate of return upon the valuation of the property was only from 3.30 per cent to 3.43 per cent; that the railroad was being operated economically and efficiently; that its business was being conducted in competition with other carriers and that with the increases asked its charges would be less than such carriers.

*Held:*  That the order of the State Corporation Commission granting the increases should be upheld.

Appeal from a decree of the State Corporation Commission.

*Affirmed.*

The opinion states the case.

*R. L. Nase, William Old,* and *Marcus Cogbill,* for the appellants.

*T. Justin Moore* and *Archibald G. Robertson,* for the appellee.

PRENTIS, P., delivered the opinion of the court.

Virginia Railway and Power Company filed its petition before the State Corporation Commission, praying for an increase in certain rates on its Richmond and Petersburg interurban division. The appellants, as interested citizens, intervened and are here appealing from a final order of the Commission of April 9, 1925, which granted the increases prayed for.

[1] Their first assignment of error is that the Commission erred in overruling their motion for a revaluation, appraisal and inventory of the property of the company used and useful for public service on that division.

That the Commission had the authority to make such appraisal is conceded. By the acts approved March 20, 1924 (Acts 1924, page 536), the revenue is provided by an assessment upon the properties of certain companies for the purpose of providing funds which may be used by the Commission for that purpose. The act specifically provides that the funds so paid into the treasury "shall be set aside as a special fund to be used

by the State Corporation Commission for the purpose of making appraisals and valuations of the properties of such public service companies whenever the same shall be deemed necessary by the Commission and for the performance of other functions of the State Corporation Commission."

It is thus perfectly apparent that the Commission is vested with discretion in the use of such funds. That it judiciously exercised such discretion in this 'case is apparent. The reasons therefor, as expressed in their opinion overruling the motion, are convincing. The property so used in the public service had been appraised by the Commission for rate-making purposes about one year theretofore, and there had been no substantial additions to the property or changes in such valuation in the interval.

Without prolonging this opinion with all the Commission said on this subject, we quote this:

[2] "In order, however, for the Commission to be justified in making a revaluation, as distinguished from an original valuation, it would be necessary for the party asking for same to show, at least *prima facie*, a situation justifying the delay, expense and incident inconvenience, or the Commission would have to be satisfied from some source that under all the circumstances a revaluation should be made in order to do justice to all parties concerned, and especially to the general public.

"This we think the movant in this case has failed to do, and the Commission is not cognizant of any facts or of a situation which will justify the revaluation at this time of the interurban division of the Virginia Railway and Power Company, but it is of the opinion that the application for approval of increased fares on the interurban division should be considered with reference to

the valuation fixed by the order of December 1, 1923, in the absence of a showing of facts necessitating or justifying a different valuation."

Under these circumstances it would have been an improper use of the public funds, so greatly needed for the purposes indicated, to have made such an unnecessary expenditure for the appraisement of this property, which, as has been stated, had been so recently valued for rate-making purposes, and the Commission properly refused to do so.

[3, 4] The second assignment of error takes us to the facts, and alleges that the Commission erred in allowing the increase of rates provided for by the order of April 9, 1925. It is conceded that the burden is upon the company to show the propriety of such increases. This burden has been carried—indeed, there are no significant conflicts in the evidence.

These facts appear: That an increase in these rates had been granted December 16, 1923, and had proved inadequate. The Richmond-Petersburg interurban line runs from the terminal in South Richmond, a distance of one and one-half miles within the city limits, to the boundary line of Chesterfield county, and thence through the county of Chesterfield to and into the city of Petersburg, a distance of about twenty-two miles.

"In addition to the transportation facilities furnished by the interurban line between Richmond and Petersburg, there exist a passenger bus line and two steam railroads, all of which extend from Richmond, through the county of Chesterfield and into Petersburg, and all of which compete with the electric railway between these points. One of these steam roads competes only in connection with its regular trains to and beyond Richmond and Petersburg, respectively.

"In 1923 the Virginia Railway and Power Company,

finding the rates of fare then in effect inadequate, applied to the State Corporation Commission for a complete valuation of its interurban division, and on December 16, 1923, after a full and complete hearing and investigation by the Commission, the Commission fixed the valuation at $1,210,000, and granted certain increases of rates effective as of that date."

There was no appeal from that order.

"The railway company operated under the rates fixed at that time, December 16, 1923, until the filing of the petition in the present case.

"In 1923, the rate of return upon the valuation so fixed was 3.43 per cent. In 1924, the rate of return was 3.30 per cent."

Thereupon, on October 23, 1924, the company filed its petition asking for the additional increases here involved.

It also appears from that statement of facts that "twenty-five trains were being operated between Richmond and Petersburg every day in each direction (fifty trains in all), and in addition several local trains each day. Passengers from the interurban cars received transfers to the lines of the street railway of the petitioner in the cities of Richmond and Petersburg, and these transfers entitle such passengers to ride to any point on its lines in the two cities. The system of street railways in the city of Richmond is eighty-two miles in length. Patrons are entitled to travel from any point on the street railway system in Richmond to the terminal station of the interurban line and then receive transfers to the interurban line which will be good for a distance of approximately one and one-half miles along the interurban line, that is to the city limits."

"The interurban line is operated in an economical manner. The association of the interurban line with the

Richmond and Petersburg city lines has resulted in a more economical operation of the interurban line than otherwise would be possible, as the executive officers, accountants and engineers of the system have been used in the operation of the interurban line, obviating the necessity of separate organizations."

The increases which were requested and have been granted made the maximum return a little less than three cents per mile from Richmond to Petersburg, including transfer privilege, the maximum fare between these two points being sixty cents, and the distance about twenty-two miles; and this business is being conducted in competition with the 'bus line on which the fare is seventy-five cents, without such transfer privilege, and with the steam railroads, which charge eighty-four cents without transfer privilege.

In its opinion the Commission also says this: "After full consideration of all of the facts presented in the hearing and the data derived from certain sources, which it is believed in a proceeding of this kind should be resorted to, and as appears in the statement of facts accompanying this opinion, the Commission reached the conclusion that the evidence and other data before it clearly establish that the interurban division of the Virginia Railway and Power Company has been operated and is being operated in a very economical and efficient manner and that no change of method of operation available could effect any savings which would materially change the net return on the value of the property, which, assuming the correctness of the action of the Commission on the motion, as far as this phase of the case is concerned and for rate-making purposes, is $1,210 000; that no curtailment of service has been shown to be possible and consistent with reasonably sufficient service so that no saving which would increase

the net return can be effected through that method so long as due regard to the needs of the community served is shown; that the interurban division, duly segregated from the rest of the system and considered as a unit for the public service of transportation of passengers, is not earning a fair return upon the reasonable value for rate-making purposes as fixed by this Commission in a previous proceeding at $1,210,000; that this valuation has not, in the view of the Commission, been shown to be inaccurate as of the present time nor sufficiently challenged to justify the expense and delay of a revaluation, the net return being for the last several years less than three and one-half percent; that the rates asked for involve comparatively slight increase, are less than the rates for transportation by any of the competing public service companies operating between the same points and through the same territory, and are not unreasonable in view of the service rendered, facilities offered, distance between the two points and other facts;  *  *  *.''

It is obvious, then, that the order of the Commission should be affirmed.

*Affirmed.*